## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**SOUTHLAND CIRCLE, LLC**                          **CIVIL ACTION**

**VERSUS**                                         **NO. 23-855**

**INDEPENDENT SPECIALTY**                          **SECTION: D (2)**
**INSURANCE COMPANY**

### ORDER AND REASONS

Before the Court is a Motion to Compel Arbitration and to Stay or, Alternatively, Dismiss the Proceedings, filed by the Defendant, Independent Specialty Insurance Company.[1]  Plaintiff Southland Circle, LLC filed a response in opposition to the Motion.[2]  The Defendant filed a Reply in support of their Motion and, with leave of Court, also filed a Notice of Supplemental Authority in Support of its Motion.[3]  At the request of Plaintiff, this Court also held Oral Argument on the Motion.[4]  After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **GRANTS** the Motion.

## I.     FACTUAL & PROCEDURAL BACKGROUND

Plaintiff Southland Circle, LLC d/b/a Bayou Gardens Apartments ("Plaintiff") owns and operates a residential apartment complex (the "Property") in Houma, Louisiana.[5]  Defendant Independent Specialty Insurance Company ("ISIC") issued Plaintiff a surplus lines commercial property insurance policy bearing Policy No.

---

[1] R. Doc. 12.
[2] R. Doc. 14.
[3] R. Doc. 18 and R. Doc. 38, respectively.
[4] R. Doc. 39.
[5] *See* R. Doc. 1-1 at ¶¶ 1, 4.

VVX-CU-702969-03 (the "Policy") insuring the Property.[6]  On August 29, 2021, the Property sustained extensive damage due to Hurricane Ida.[7]  Plaintiff subsequently made a claim against the Policy.[8]  ISIC paid Plaintiff what Plaintiff deems an "inadequate" sum of money under the Policy to cover the cost of repairs.[9]

Plaintiff initially filed this action against ISIC in state court on January 30, 2023, seeking coverage for the property damage caused by Hurricane Ida, and also seeking to recover extra-contractual penalties pursuant to Louisiana Revised Statutes 22:1892 and 22:1973.[10]  In its Petition for Damages, Plaintiff asserted claims against Defendant for breach of contract and bad faith, alleging that ISIC did not fully and timely pay Plaintiff's insurance claims for property, business interruption, and business losses arising out of physical damage to the Property.[11]

ISIC timely removed the state court action to this Court.[12]  ISIC filed a Motion to Opt Out of Streamlined Settlement Program[13] which was subsequently denied by the assigned United States Magistrate Judge pending this Court's ruling on the Motion to Compel Arbitration.[14]  Accordingly, this case is subject to the Court's Streamlined Settlement Program.  ISIC then filed the instant Motion to Compel Arbitration on June 8, 2023.[15]

---

[6] *See id.* at ¶ 8.
[7] *See id.* at ¶¶ 11–12.
[8] *See id.* at ¶ 23; *see also* R. Docs. 1-5, 1-6.
[9] *See* R. Doc. 1-1 at ¶ 25.
[10] *See id.*; La. R.S. 22:1892 and 22:1973.
[11] *See id.* at pp. 5–7.
[12] R. Doc. 1.
[13] R. Doc. 8.
[14] R. Doc. 11.
[15] R. Doc. 12.

The Policy includes a broad arbitration clause mandating that "[a]ll matters in dispute" between the Plaintiff-insured and the Defendant-insurer "in relation to this Insurance, including this policy's formation and validity . . . shall be referred to an Arbitration Tribunal . . ." (the "Arbitration Agreement").[16]  In its Motion to Compel Arbitration, ISIC argues that because the Arbitration Agreement is valid and because its language encompasses the present dispute, this Court should "compel [Plaintiff] to arbitrate its claims."[17]  ISIC contends that Louisiana Revised Statute 22:868 does not prevent the enforcement of the Arbitration Agreement because Subsection D of that statute exempts surplus lines insurers, such as ISIC, from the strictures of Subsection A, which prohibits arbitration clauses in insurance contracts.[18] Accordingly, ISIC argues, Louisiana law does not render the Arbitration Agreement invalid.  ISIC further argues that pursuant to 9 U.S.C. § 3, this Court should stay this litigation pending the conclusion of arbitration proceedings.[19]

Plaintiff opposes the Motion, primarily on the ground that Louisiana Revised Statute 22:868 generally prohibits the enforcement of arbitration provisions in insurance contracts and that Subsection D does not, contrary to ISIC's contention, displace Subsection A's anti-arbitration provision.[20]  According to the Plaintiff, La. R.S. 22:868(D), which refers only to "forum or venue selection clause[s]," does not encompass arbitration clauses because arbitration clauses deprive a court of

---

[16] R. Doc. 12-1 at p. 3.
[17] *Id.* at p. 8.
[18] *See id.* at p. 7.
[19] *See id.* at pp. 7–8.
[20] R. Doc. 14 at pp. 2–3.

jurisdiction while forum and venue selection clauses do not.[21]  Accordingly, Plaintiff contends, the fact that ISIC is a surplus lines insurer makes no difference because Louisiana law categorically prohibits the enforcement of arbitration provisions in insurance contracts.  In support of its argument, Plaintiff principally relies on two recent decisions from federal courts in Louisiana in which the respective courts held that similar arbitration provisions were unenforceable under La. R.S. 22:868 because arbitration clauses are not a type of "venue or forum selection clause" within the meaning of Subsection D.[22]

ISIC filed a Reply addressing the arguments raised by the Plaintiff in response.[23]  ISIC argues that Plaintiff incorrectly distinguishes arbitration clauses on the one hand from venue or forum selection clauses on the other when both Louisiana and federal courts have held that arbitration clauses are a specific type of forum or venue selection clause.[24]  Thus, ISIC concludes, La. R.S. 22:868(D)'s exemption for venue or forum selection clauses in surplus lines policies necessarily applies to arbitration policies.  ISIC also argues that while Louisiana courts historically viewed arbitration and forum selection clauses as divesting a court of jurisdiction, that view has largely been abandoned, as evidenced by recent Louisiana Supreme Court decisions.[25]  Finally, ISIC cites the legislative history of the 2020

---

[21] *See id.* at p. 3.

[22] *See id.* at pp. 4–7 (citing *Bufkin Enterprises LLC v. Indian Harbor Ins. Co.*, No. 2:21-CV-04017, 2023 WL 2393700 (W.D. La. Mar. 7, 2023) and *Fairway Vill. Condominiums v. Indep. Specialty Ins. Co.*, No. CV 22-2022, 2023 WL 2866944 (E.D. La. Apr. 10, 2023)).

[23] R. Doc. 18.

[24] *See id.* at pp. 5–8.

[25] *See id.* (citing *Shelter Mut. Ins. Co. v. Rimkus Consulting Grp., Inc. of Louisiana*, 2013-1977 (La. 7/1/14), 148 So. 3d 871 and *Creekstone Juban I, L.L.C. v. XL Ins. Am., Inc.*, 2018-0748 (La. 5/8/19), 282 So. 3d 1042).

amendments to La. R.S. 22:868 to support its argument that La. R.S. 22:868(D) was added to provide greater flexibility to surplus lines insurers, including the ability to include arbitration provisions in their policies.[26]   ISIC also filed a Supplemental Memorandum containing recent authority from two other sections of this court.[27]

In recognition of the importance of the question presented to the Court in this case and in cases across the dockets of other courts, and the lack of any definitive caselaw construing 22:868(D), this Court submitted the following Certified Question to the Louisiana Supreme Court: "Whether La. R.S. 22:868 prohibits the enforcement of arbitration clauses in insurance contracts for surplus lines insurers."[28]   On October 3, 2023, the Louisiana Supreme Court denied the certification.[29]

Following the denial, the Court held Oral Argument on the Motion at counsel for Plaintiff's request.[30]   During the Oral Argument, ISIC focused most of its argument on Louisiana Supreme Court caselaw construing arbitration provisions as a type or subset of forum and venue selection clauses.   According to ISIC, because an arbitration clause is a type of forum or venue selection clause and because La. R.S. 22:868(D) unambiguously allows for forum or venue selection clauses in surplus lines polices, it necessarily follows that arbitration provisions in surplus lines policies are valid and enforceable.   On the contrary, Plaintiff argued that a long line of Louisiana

---

[26] *See id.* at pp. 9–10.
[27] R. Doc. 38 (citing *Bourgeois v. Indep. Specialty Ins. Co.* No. CV 22-1256, 2023 WL 6644171 (E.D. La. Oct. 12, 2023) (Lemmon, J.) and *Ramsey v. Indep. Specialty Ins. Co.*, No. CV 23-0632, 2023 WL 5034646 (E.D. La. Aug. 8, 2023) (Lemelle, J.), *reconsideration denied*, No. CV 23-632, 2023 WL 6928047 (E.D. La. Oct. 19, 2023)).
[28] R. Doc. 21.
[29] R. Doc. 29.
[30] R. Doc. 39.

caselaw demonstrates that La. R.S. 22:868 operates as an anti-arbitration provision and that § 868(D)'s exemption for venue and forum selection clauses does not include arbitration clauses.  Plaintiff also contended that the legislative history of § 868(D) suggests that the Louisiana legislature did not intend to allow arbitration clauses in surplus lines policies.  The Court took the matter under advisement and informed the parties that it would enter a written Order in this matter.

## II.   ANALYSIS

The question presented before the Court is narrow: whether an arbitration clause is a "forum or venue selection clause" as that term is used in La. R.S. 22:868(D).  Because the Court answers that question in the affirmative, the Court finds that the Arbitration Agreement at issue here is valid under Louisiana law and grants the Defendant's Motion to Compel Arbitration.

### A.   The Arbitration Agreement is Valid Under Louisiana Law

At the outset, the Court notes that both parties agree that the Policy contains an agreement to arbitrate and that the instant dispute falls within the scope of the Policy's Arbitration Agreement.[31]  Further, both parties agree that ISIC is a surplus lines insurer and that the Policy in question is a surplus lines policy.  The parties diverge, however, as to whether La. R.S. 22:868(D)'s exemption from the prohibitions of Subsection A for "venue or forum selection clause[s]" in surplus lines insurance policies also includes arbitration clauses.  The Louisiana Supreme Court has not

---

[31] The policy language states that "[a]ll matters in dispute between you and us . . . in relation to this Insurance . . . including this policy's formation and validity . . . shall be referred to an Arbitration Tribunal . . . ."  R. Doc. 12-1 at p. 3.

directly considered the effect of La. R.S. 22:868(D) on the validity of an arbitration clause in a surplus lines policy. Accordingly, the Court must make an *Erie* guess as to how the Louisiana Supreme Court would rule on this issue were it to be before them.[32]   An *Erie* guess requires this Court to "employ Louisiana's civilian methodology, [and] first examine primary sources of law: the constitution, codes, and statutes."[33]

### i.   Arbitration Clauses are a Type of Forum Selection Clause

As always, the Court begins with the language of the statute.[34]  The Court construes the statute by giving the chosen terms their plain and ordinary meaning. "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature."[35]  "Words are to be understood in their ordinary, everyday meanings—unless the context indicates that they bear a technical sense."[36]

Louisiana Revised Statute 22:868(A) provides, in relevant part:

---

[32] *Weyerhaeuser Co. v. Burlington Ins. Co.*, 74 F.4th 275, 284 (5th Cir. 2023).

[33] *Id.* (quoting *Apache Deepwater, L.L.C. v. W&T Offshore, Inc.*, 930 F.3d 647, 654 (5th Cir. 2019)).

[34] *See Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980) ("We begin with the familiar canon of statutory construction that the starting point for interpreting a statute is the language of the statute itself."); *see also Trout Point Lodge, Ltd. v. Handshoe*, 729 F.3d 481, 486 (5th Cir. 2013) ("The task of statutory interpretation begins and, if possible, ends with the language of the statute.").

[35] La. C.C. art. 9; *accord United States v. Lauderdale Cnty.*, 914 F.3d 960, 964 (5th Cir. 2019) ("When the language is plain, we 'must enforce the statute's plain meaning, unless absurd.'" (quoting *Trout Point Lodge*, 729 F.3d at 486)).

[36] *Thomas v. Dep't of Educ. (In re Thomas)*, 931 F.3d 449, 454 (5th Cir. 2019) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 69 (2012)).  The Court will not construe a statute in a manner that is strained or that would render a statutory term superfluous. *See CCAPS, LLC v. HD & Assocs., LLC*, No. CV 21-2195, 2023 WL 1965087 (E.D. La. Feb. 13, 2023) (Vitter, J.) (citing *Norton v. United States*, No. CV 21-0724, 2022 WL 741851, at \*4 (D.D.C. Mar. 11, 2022) (Kollar-Kotelly, J.) and *Dole Food Co. v. Patrickson*, 538 U.S. 468, 476–77 (2003)).

A. "No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state . . . shall contain any condition, stipulation, or agreement either:
(1) Requiring it to be construed according to the laws of any other state or country except as necessary to meet the requirements of the motor vehicle financial responsibility laws of such other state or country.
(2) *Depriving the courts of this state of the jurisdiction or venue of action against the insurer*.[37]

The parties agree that Subsection A(2) generally prohibits arbitration as well as forum and venue selection clauses in insurance contracts, subject to the exceptions in Subsection D.  Added to Section 868 in 2020, Subsection D provides: "The provisions of Subsection A of this Section *shall not prohibit a forum or venue selection clause* in a policy form that is not subject to approval by the Department of Insurance."[38]  That is, Subsection A's proscription of clauses depriving a court of jurisdiction or venue of action does not apply to forum or venue selection clauses in certain insurance policies. The parties do not dispute that surplus lines insurers fall within the ambit of Subsection D as their policy forms are "not subject to approval by the Department of Insurance."[39]  Accordingly, the sole issue before the Court is whether an arbitration clause is considered a "forum or venue selection clause" under Louisiana law.

Based on a review of relevant Louisiana caselaw, the Court finds that arbitration clauses are a type of forum or venue selection clause and, thus, that arbitration clauses are permissible in surplus lines insurance policies pursuant to La. R.S. 22:868(D).  In so holding, the Court primarily relies on two recent Louisiana

---

[37] La. R.S. 22:868(A).
[38] La. R.S. 22:868(D).
[39] *Id.*

Supreme Court cases, *Hodges v. Reasonover*[40] and *Donelon v. Shilling*.[41]  In *Hodges*, the Louisiana Supreme Court considered whether a binding agreement to arbitrate in an attorney-client retainer agreement is enforceable under Louisiana law.[42]  Of relevance to the instant question, the court quoted at length and cited approvingly a federal Fifth Circuit case, *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*[43], which described an arbitration clause as "a type of forum-selection clause."[44]  A portion of *Ginter* directly quoted by the Louisiana Supreme Court in *Hodges* reads, in relevant part, "[a] mandatory-arbitration clause (or any forum selection clause)," further suggesting that arbitration clauses are a subset of forum selection clauses.[45]  Further, in reference to the quoted language from *Ginter*, the court in *Hodges* explained that "[w]e agree with this reasoning.  An arbitration clause does not inherently limit or alter either party's substantive rights; it simply provides for an alternative *venue* for the resolution of disputes."[46]  The implication in *Hodges* is that arbitration clauses are to be considered like venue or forum selection clauses because they are a type of venue or forum selection clause.

More recently, in *Donelon v. Shilling*, the Louisiana Supreme Court, citing the above language from *Hodges*, stated that "[a]n arbitration clause has been characterized by this court as a type of venue selection clause."[47]  Although at Oral

---

[40] 2012-0043 (La. 7/2/12), 103 So. 3d 1069.

[41] 2019-00514 (La. 4/27/20), 340 So. 3d 786.

[42] *Hodges*, 103 So. 3d at 1071.

[43] 536 F.3d 439 (5th Cir. 2008).

[44] *Id.* at 443.

[45] *Hodges*, 103 So. 3d at 1076 (quoting *Ginter*, 536 F.3d at 443).

[46] *Id.* (emphasis added).

[47] 340 So. 3d 786, 790 n.6 (citing *Hodges*, 103 So. 3d at 1076).

Argument counsel for the Plaintiff characterized the language from *Hodges* and *Donelon* as mere dicta, the Court nevertheless finds it persuasive that the Louisiana Supreme Court has explicitly addressed the proper characterization of arbitration clauses and endorsed the view that they are a species of forum selection clauses. Lacking any evidence from Plaintiff that Louisiana courts do not regard arbitration clauses as a type of venue or forum selection clause, this Court will not disregard the clear language from the Louisiana Supreme Court in *Hodges* and *Donelon*, dicta or not.

### ii.    Plaintiff's Jurisdictional Arguments Do Not Undermine the Court's Analysis

Although the Court finds the above analysis to be decisive to the instant dispute, the Court nevertheless addresses the argument raised by the Plaintiff at Oral Argument that La. R.S. 22:868 has long been held to be an anti-arbitration statute and that arbitration clauses are considered to deprive a court of jurisdiction of action. Plaintiff is correct that Louisiana courts, beginning in 1965 with *Macaluso v. Watson*[48], have repeatedly held that La. R.S. 22:868(A) renders arbitration clauses in insurance policies unenforceable on the theory that such clauses deprive a court of the "jurisdiction of action."[49] Plaintiff is also correct that the Louisiana Supreme Court has not directly repudiated that understanding of arbitration clauses.

---

[48] 171 So.2d 755 (La. App. 4 Cir. 1965).

[49] *See, e.g.*, *Courville v. Allied Professionals Ins. Co.*, 16-1354, p. 5 (La. App. 1 Cir. 4/12/17), 218 So. 3d 144, 148, *writ denied*, 17-0783 (La. 10/27/17), 228 So.3d 1223 ("In Louisiana, compulsory arbitration provisions in insurance contracts are prohibited as a matter of public policy because they operate to deprive Louisiana courts of jurisdiction over actions against the insurer . . . ."); *Doucet v. Dental Health Plans Mgmt. Corp.*, 412 So.2d 1383, 1384 (La. 1982) ("Classification of the contract at issue as an insurance contract renders the arbitration provisions of that contract unenforceable." (citing *Macaluso*, 171 So.2d 755)); *see also Creekstone Juban I, L.L.C. v. XL Ins. Am., Inc.*, 2018-0748 (La.

At Oral Argument, ISIC contended that the Louisiana Supreme Court has, however, *implicitly* rejected the view that arbitration clauses deprive a court of jurisdiction, presenting a straightforward syllogistic argument.  First, ISIC notes that in *Shelter Mutual Insurance Co. v. Rimkus Consulting Group*[50], the Louisiana Supreme Court adopted the United States Supreme Court's reasoning in *Bremen v. Zapata Off–Shore Co.*[51] that "the traditional view that forum selection clauses impermissibly oust courts of jurisdiction [i]s a 'vestigial legal fiction.'"[52]  Similarly, in *Creekstone Juban I, LLC v. XL Insurance America, Inc.*[53], the Louisiana Supreme Court, citing its *Shelter Mutual* decision, explained that "where the parties have contracted for a particular forum or venue for litigating disputes, this does not mean they have deprived the courts of this state of the legal authority to hear the dispute (*i.e.*, the jurisdiction)."[54]  Accordingly, ISIC maintains that Louisiana law is clear that forum or venue selection clauses do not oust a court of jurisdiction.  ISIC's second premise is that Louisiana courts view arbitration clauses as a type of venue or forum selection clause, for the reasons discussed by the Court above.  With those two premises in hand, ISIC concludes that arbitration clauses, as a subset of forum selection clauses, do not oust a court of jurisdiction.

While the logic of ISIC's argument is compelling, the Court need not definitively answer whether arbitration clauses deprive a court of jurisdiction under

---

5/8/19), 282 So. 3d 1042, 1051–53 (Weimer, J., concurring) (explaining that Louisiana courts have long viewed La. R.S. 22:868 as prohibiting arbitration clauses in insurance contracts).

[50] 2013-1977 (La. 7/1/14), 148 So. 3d 871.

[51] 407 U.S. 1 (1972).

[52] *Shelter Mutual*, 148 So. 3d at 874 (quoting *The Bremen*, 407 U.S. at 12).

[53] 282 So. 3d 1042 (La. 2019).

[54] *Id.* at 1047.

Louisiana law because the sole question before the Court concerns whether arbitration clauses are included within the term "forum or venue selection clause" in La. R.S. 22:868(D). Moreover, the Court rejects Plaintiff's argument that because arbitration clauses oust a court of the jurisdiction of action, Subsection D therefore does not apply to arbitration clauses as a misreading of the statutory language. Plaintiff's reading of Subsection D would have the Court rewrite the statute to read "forum or venue selection clauses *which do not deprive a court of the jurisdiction of action*." That is not what the law provides. Instead, Subsection D broadly exempts all "forum or venue selection clause[s]" from Subsection A's prohibitions. No limitation is placed on the type or kind of forum or venue selection clause; by its terms, Subsection D includes *every* such clause. Nor, for that matter, is there any support for the theory that whether an arbitration clause is considered a forum selection clause depends on the context of a particular statute. Thus, the possibility that an arbitration clause may also oust a court of jurisdiction of action is of no import because Subsection D displaces Subsection A's proscription: "The provisions of Subsection A of this Section *shall not prohibit a forum or venue selection clause* . . . ."[55] Because an arbitration clause is a type of forum selection clause, it necessarily follows that arbitration clauses are included within the set of allowable clauses in surplus lines policies under Subsection D.[56]

---

[55] La. R.S. 22:868(D).

[56] Because the Court finds that the instant dispute can be resolved by examining the unambiguous statutory language and Louisiana caselaw, the Court need not consider the legislative history of La. R.S. 22:868(D) in its analysis. "When a law is clear and unambiguous and its application does not lead to absurd consequences, it shall be applied as written, with no further inquiry made in search of the legislative intent." La. C.C. art. 9. As the Supreme Court has "repeatedly held, the authoritative

### iii.    Other Caselaw Supports the Court's Decision

Finally, this Court recognizes that there is a split of opinion among federal district courts on the precise question presented here.  This Court concurs with the thorough analysis in *Ramsey v. Independent Specialty Insurance Company*[57] and *Bourgeois v. Independent Specialty Insurance Company*[58] which both held that the plain language of Subsection D encompasses arbitration clauses.[59]  Although Plaintiff urges the Court to follow the rulings in *Bufkin Enterprises LLC v. Indian Harbor Insurance Co.*,[60] a decision from the Western District of Louisiana, and *Fairway Village Condominiums v. Independent Specialty Insurance Company*,[61] a decision from a different section of this court, the Court respectfully declines the Plaintiff's invitations.  While both of those decisions correctly explained that arbitration clauses are generally disallowed in insurance policies pursuant to La. R.S. 22:868(A), neither addressed the Louisiana Supreme Court's language in *Hodges* and *Donelon* construing arbitration provisions as a type of forum selection clause.

Further, the Court is aware of two recent decisions from the Southern District of New York which both concluded contrary to the Court's opinion here.[62]  While those

---

statement is the statutory text, not the legislative history or any other extrinsic material." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 568 (2005).

[57] No. CV 23-0632, 2023 WL 5034646 (E.D. La. Aug. 8, 2023) (Lemelle, J.), *reconsideration denied*, No. CV 23-632, 2023 WL 6928047 (E.D. La. Oct. 19, 2023).

[58] No. CV 22-1256, 2023 WL 6644171 (E.D. La. Oct. 12, 2023) (Lemmon, J.).

[59] *See also Queens Beauty Supply, LLC v. Indep. Specialty Ins. Co.*, No. CV 22-3444, 2023 WL 7154117 (E.D. La. Oct. 31, 2023) (Guidry, J.) (holding that La. R.S. 22:868 does not prohibit arbitration clauses in surplus lines policies); *Beachcorner Properties, LLC v. Indep. Specialty Ins. Co.*, No. CV 23-1287, 2023 WL 7280516 (E.D. La. Nov. 3, 2023) (Ashe, J.) (same).

[60] No. 2:21-CV-04017, 2023 WL 2393700 (W.D. La. Mar. 7, 2023).

[61] No. CV 22-2022, 2023 WL 2866944 (E.D. La. Apr. 10, 2023) (Brown, J.).

[62] *Certain Underwriters at Lloyds, London v. 3131 Veterans Blvd LLC*, No. 22-CV-9849, 2023 WL 5237514 (S.D.N.Y. Aug. 15, 2023); *Certain Underwriters at Lloyd's, London v. Mpire Properties, LLC*, No. 22-CV-9607, 2023 WL 6318034 (S.D.N.Y. Sept. 28, 2023).

cases recognized that the precedent on whether arbitration clauses are a type of forum selection clause "appears somewhat muddled," they nevertheless held that older Louisiana caselaw describing La. R.S. 22:868 as an anti-arbitration provision "are more on-point precedents because they discuss arbitration clauses specifically."[63] The Court disagrees.   As the Court explained above, even if arbitration clauses are deemed to oust a court of jurisdiction of action, that does not mean that such clauses do not fall within Subsection D's exception for venue or forum selection clauses. There is no specialized meaning of "venue or forum selection clause" in Subsection D such that the general view espoused in *Hodges* and *Donelon* that an arbitration clause is a type of forum selection clause is somehow set aside.   Arbitration clauses are not sometimes forum selection clauses and sometimes not depending on the statute in question.   Moreover, Subsection D contains no exclusion of arbitration clauses.   An arbitration clause is a kind of forum selection clause—the latter of which are permissible in surplus lines policies—regardless of Subsection A and the caselaw interpreting it, all of which predate the inclusion of Subsection D.

This Court joins those other courts which have found arbitration clauses in surplus lines insurance policies to be enforceable under Louisiana law.   Because the Plaintiff, notwithstanding its argument regarding the enforceability of the Arbitration Agreement, concedes that arbitration is otherwise appropriate and mandatory in this matter, the Court finds it appropriate to grant Defendant's Motion.

---

[63] *3131 Veterans*, 2023 WL 5237514, at *5.

**B.      Stay Pending Arbitration**

Pursuant to 9 U.S.C. § 3, when an issue subject to an arbitration clause is raised in a federal court, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."[64]  ISIC has moved to stay this litigation upon the Court's ordering of the parties to arbitration.  Because this Court finds that arbitration is mandatory in this case, the Court will stay this litigation pending resolution of the arbitration proceedings and until, upon the filing of a written motion, the Court finds that the stay should be vacated.

**III.    CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Compel Arbitration and to Stay or, Alternatively, Dismiss the Proceedings[65] is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **STAYED** until a final resolution of the arbitration proceedings has been rendered and the Court, upon written motion of the parties, finds it appropriate to vacate the stay.

New Orleans, Louisiana, November 15, 2023.

**WENDY B. VITTER**
**United States District Judge**

---

[64] 9 U.S.C. § 3.
[65] R. Doc. 12.